Matter of Mark R. v Kimberly V. (2022 NY Slip Op 02376)

Matter of Mark R. v Kimberly V.

2022 NY Slip Op 02376

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Docket No. P-26051/19 Appeal No. 15705 Case No. 2021-02458 

[*1]In the Matter of Mark R., Petitioner-Respondent,
v
Kimberly ., Respondent-Appellant.

Andrew J. Baer, New York, for appellant.
Steven P. Forbes, Huntington, attorney for the child.

Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about June 22, 2021, which, after an estoppel hearing, denied respondent's motion to dismiss the paternity petition and to prevent petitioner from obtaining the results of genetic marker testing already performed, unanimously affirmed, without costs.
Respondent failed to establish by clear and convincing evidence that petitioner should be equitably estopped from asserting his paternity of the child through DNA testing (see Family Ct Act § 532 [a]). While respondent's current husband has assumed the role of the child's father and executed an acknowledgement of paternity, petitioner has "consistently and diligently asserted his paternity" (Matter of Michael S. v Sultana R., 163 AD3d 464, 476 [1st Dept 2018], lv dismissed 35 NY3d 964 [2020]). He was in close communication with respondent and planned for the child before the child was born. After the child was born, respondent and the child lived with him for a time, and he cared for and provided for the child. When respondent unilaterally terminated contact with him, petitioner filed the paternity petition promptly; the child was only four months old. The delay in bringing the paternity proceedings to a conclusion is not attributable to petitioner, who was present at every court date, but to difficulty in obtaining service over respondent's husband and the delays caused by the COVID-19 pandemic. Contrary to respondent's argument that petitioner "acquiesced" in the establishment of a parent-child bond with her husband, petitioner testified that the first time he became aware of the child's relationship with the husband was at an early court appearance (see Matter of Shondel J. v Mark D., 7 NY3d 320, 327 [2006]).
There is no indication that obtaining the results of the DNA test and, if warranted, an order of filiation, would be harmful or traumatic to the child. Petitioner credited respondent's husband for his role as a father figure to the child and testified that if the DNA test results demonstrated that he was the biological father, it would not affect the child's relationship with the husband. The husband also testified that his relationship with the child would not change if petitioner proved to be the child's biological father. The likelihood of any disruption to the child's life is also minimized by the child's young age.
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022